## SUPREME COURT.

THE PEOPLE ex rel. THOMPSON agt. TOWNSEND AND OTHERS.

An affidavit entitled in the "County Court," for a motion for retaxation of costs, &c. in proceedings "for forcible entry and detainer," commenced before a county judge, and brought into this court by certiorari, comes within § 406, and is sufficient.

This court has jurisdiction to regulate the matter of costs in such a case, where from the papers it appears upon what principle they were adjusted by the county judge, and the notice of motion asks for sufficient relief.

Attorney and counsel fees can not be allowed in such proceedings. It is not an action brought in a court of record, within the meaning of the statute (2 *R. S.* 613, § 3).

*Ontario Circuit and Special Term, February* 1851. *Motion for retaxation of costs, &c.* A proceeding for forcible entry and detainer was instituted in behalf of the relator, before the county judge of Yates county, against the defendants, under art. 1, title 10, chapter 8 of part 3 of the Revised Statutes (2 *R. S.* 507, sections 1 to 23).

An inquisition was found by a jury, which the defendants traversed. Upon the trial of the traverse, the defendants were found guilty. The defendants then sued out a common law certiorari, removing the record of proceedings into the Supreme Court, which certiorari was quashed on motion of the relator. A bill of costs was afterwards presented by the attorney for the relator to the county judge for taxation, amounting to $90·59, which included not only all the disbursements and officers and witnesses fees, but also regular fees for attorney and counsel, the same as if it had been an action in a court of record.

The People ex rel. Thompson agt. Townsend and others.

The county judge excluded all the items charged for attorney and counsel fees, and taxed the bill at $22·70, allowing nothing but officers and witnesses fees and postage. These proceedings before the county judge were all had since the Code of 1849 took effect. A motion is now made for a retaxation of the costs, or for such further or other rule, order or relief, as to the court shall seem proper to grant. The motion is founded upon an affidavit made by the attorney for the relator, setting forth the foregoing facts, which affidavit is entitled in "Yates County Court."

JNO. C. STRONG, *for the Relator.*

JAMES TAYLOR, *for the Defendants.*

WELLES, Justice.—Several preliminary objections are made by defendants' counsel to this motion, only two of which I shall notice. The first is that the affidavit is wrongly entitled. That there being no such action or cause pending in the county court of Yates county, the affidavit is a nullity, and perjury could not be assigned upon it. And it is contended that the case is not within § 406 of the Code, as § 471 excepts from its operation the proceedings under the act to prevent forcible entries and detainers.

I think, however, that § 406 applies to this affidavit. It is not made in the proceeding before the county judge, which is substantially at an end; but is made for the purpose of a motion to this court. That objection is therefore overruled. It is also objected that this court has no jurisdiction of this motion for retaxation of costs in a special proceeding before another court or officer. This is undoubtedly so; a motion for retaxation in such a case, I believe, was never heard of; at least none was successful. The notice, however, asks for any relief to which the relator may be entitled; and if the county judge has taxed or assessed the costs upon illegal principles, a remedy, if any exists, should be awarded. The judge has certified that he decided the counsel and attorney fees should not have been charged, and he has given us the items which he allowed, which shows that he excluded every thing but officers and witnesses fees and postage. On sup-

position that it is a proper case for the allowance of a common law certiorari, I shall proceed to examine the question on the merits of the motion. The question is whether in a proceeding under the statute entitled " of forcible entries and detainers " before a judge, the complainant is entitled to recover attorney and counsel fees, upon award of restitution in his favor.

If the jury of traverse find the defendant guilty, the judge shall award restitution, &c., " and shall assess the costs and expenses of the proceedings" (2 R. S. 509, § 12).

The next section directs an execution for possession, and for the costs. Section 14 provides for an award of restitution, &c., in case the inquisition be not traversed; and directs the judge in that case to " assess the costs and expenses of the proceedings." The relator in this case claims that he is entitled to a full bill of costs, including attorney and counsel fees according to the fee bill of 1840, as amended by the act 1844. He rests such claim on the 1st subd. of § 3 of tit. 1, ch. 10, part 3d of the Revised Statutes (2 R. S. 613). The section and subdivision in question read as follows:

" § 3. In the following cases, if the plaintiff recover judgment by default, upon confession, verdict, demurrer or otherwise, in any action or proceeding at law, he shall recover the costs allowed for services in the court, in which the action shall be brought; 1. In all the actions relating to real estate, enumerated in the fifth chapter of this act, *and in all the proceedings to recover the possession of land forcibly entered or forcibly detained.*" The other two subdivisions of the section provides for other cases.

It is contended that the case is within the express provision of this first subdivision, being a proceeding to recover the possession of land forcibly entered, &c.

There seems to me to be several difficulties in the way of the interpretation contended for. The legal proposition of the section in question, is contained in that part of it, preceding the subdivisions; and their office is to limit and apply the proposition, or rule established, to the cases specified in the subdivisions. If this rule or proposition is seen to be inapplicable to the pre-

The People ex rel. Thompson agt. Townsend and others.

sent case, it would seem to follow, that the case, although within the language of the subdivision, is not within the spirit or intention of the section.

The section under consideration allows the plaintiff, in the cases mentioned in its subdivisions, to recover " the costs allowed for services in the court in which the action shall be brought." Here the bringing of an action in a court, is clearly contemplated, and the prevailing plaintiff is allowed to recover the costs allowed for services in such court. But what costs are allowed in the court in which these proceedings were had? if, indeed, they were had in a *court* within the contemplation of the section. The sections of the Revised Statutes allowing costs to attorney and counsel in courts of law were repealed by the act of May 14, 1840 (*Laws of* 1840, *ch.* 386, § 40), and a new rate of allowance to attorneys and counsel is in that act prescribed. It is confined by the first section to a " court of law"—" being a court of record." Suppose, then, we say the section of the Revised Statutes above referred to, were intended to embrace, among others, this identical case; how is it possible to give it effect so as to allow attorney and counsel fees? On such supposition the relator is to recover the costs allowed for services in the court in which the action shall be brought, that is, the court in which these proceedings for forcible entry and detainer have been brought. Was that a court of record? If it was not, there is no law allowing the charges for the services of attorney and counsel. But no one will pretend that the proceedings were in a court of record. The foregoing view seems to me to be fatal to the relator's claim. Besides, I do not think § 3 of tit. 1, ch. 10, above recited, applies, or was intended to apply, to cases of this character or any other summary proceedings before an officer out of court. In such proceeding the office of attorney or counsel is not recognized. One man has as good a right to appear for a party there, as another, provided he be actually retained; and the fact that the person offering to appear and act for one of the parties, is an attorney or counsellor of a court of record, gives him no authority to appear.

The statute under which the proceedings in this case were had, gives to the complainant his costs and expenses, provided he becomes entitled to restitution of the premises, which are to be assessed by the judge. Such costs and expenses do not, in my judgment, include attorney or counsel fees, and the county judge was right in rejecting them in the present case (Partridge agt. Ford and Norton 5 *How. Pr. R.* 21). There are no items charged in the bill in relation to the writ of certiorari.

It would have been improper to have charged any, for the reason that it was a common law certiorari, brought after the trial of the traverse, for the purpose of having the proceedings reversed, and not for the purpose of trying the traverse; and no costs are taxable in such case in favor of one party against the other; and, besides, the certiorari was quashed on motion, without any direction respecting costs.

The motion is denied with seven dollars costs, to be paid by the relator.